**URANTIA FOUNDATION, Plaintiff,**

v.

**Kristen MAAHERRA, Defendant.**

**Civ. No. 91–0325 PHX WKU.**

United States District Court,
D. Arizona.

Jan. 27, 1995.

L. Dale Owens and Scott A. Wharton, of Booth, Wade & Campbell, Atlanta, GA, for plaintiff.

Joseph D. Lewis, of Cleary & Komen, Washington, DC, for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

URBOM, Senior District Judge.

This cause is before the court on the plaintiff's motion for partial summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The plaintiff, Urantia Foundation, asserts that the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb—2000bb–4 (Supp. V 1993) is not applicable to the instant case and does not afford the defendant, Kristen Maaherra, a proper basis for an affirmative defense.

### I. FACTUAL BACKGROUND

The plaintiff initially brought this action to enjoin the defendant from, among other things, infringing upon its copyright to *The Urantia Book* and infringing upon its registered trademarks to the name "Urantia" and the three concentric circles associated with the Urantia Foundation. The defendant seeks to avoid the plaintiff's claims in part by relying on the RFRA as a defense. In particular, the defendant states that the court's enforcement of either the copyright or trademarks "would substantially burden Defendant's exercise of her religion in violation of the [RFRA]." ((Revised) Def.'s Substitute 2nd Am. Answer & Countercl. at 5, ¶ 3.)

### II. STANDARD OF REVIEW

The standard applied to a motion for partial summary judgment is identical to the standard applied to adjudicate a case fully by summary judgment. The motion shall be granted when, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Calnetics Corp. v. Volkswagen of Am., Inc.*, 532 F.2d 674, 683 (9th Cir.), *cert. denied,* 429 U.S.

940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976). A genuine issue of material fact exists when there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citing *First Nat. Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted).

## III. *LEGAL DISCUSSION*

Congress enacted the RFRA for three very specific purposes: "to restore the compelling interest test ... to guarantee its application in all cases where free exercise of religion is substantially burdened; and ... to provide a claim or defense to persons whose religious exercise is substantially burdened by government." 42 U.S.C. § 2000bb(b). Furthermore, it is undeniable that the RFRA "applies to all Federal and State law, and the implementation of that law, whether statutory or otherwise." 42 U.S.C. § 2000bb-3(a). Therefore, I would have no recourse but to adhere to the RFRA and apply the compelling interest test if the defendant requested relief from a federal or state law that substantially burdened her exercise of religion. That, however, is not the situation before me.

■ The defendant admits that she "does not seek any affirmative relief under this Act." (Def.'s Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. on RFRA Defense at 18.) Pursuant to the RFRA, the only judicial relief authorized allows "[a] person whose religious exercise has been burdened in violation of this section [to] assert that violation as a claim or defense in a judicial proceeding *and obtain appropriate relief against a government.*" 42 U.S.C. § 2000bb-1(c) (emphasis added). I interpret this language to mean that if a court finds that a person's free exercise of religion has been substantially burdened by a federal or state law and the government fails to demonstrate that the burden "is in furtherance of a compelling governmental interest; and ... is the least restrictive means of furthering that compelling governmental interest," 42 U.S.C. § 2000bb-1(b), then the court must either rule that the law is unconstitutional *in toto,* or grant an exemption from the law because the law, as applied to the aforementioned individual, is unconstitutional. *See, e.g., Murdock v. Pennsylvania,* 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943) (holding municipal ordinance unconstitutional which, in application, required religious colporteurs to pay a tax in order to pursue their religious convictions); *Sherbert v. Verner,* 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) (holding South Carolina may not constitutionally apply the eligibility provisions of its unemployment compensation law so as to coerce a worker to abandon religious convictions); *Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) (holding Old Order Amish are exempt from Wisconsin's compulsory school-attendance laws because adherence would compel the abandonment of religious beliefs).

■ The defendant, however, does not contend that the copyright and trademark laws of the United States are unconstitutional, or that the laws are unconstitutional as applied to her. Moreover, she "does not dispute that religious organizations can hold valid copyrights, or that works on the subject of religion can be the subject of a valid copyright." (Def.'s Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. on RFRA Defense at 1–2.) Furthermore, she correctly states that the RFRA "makes clear that enforcement of a law of general applicability, such as the trademark or copyright laws, must further a compelling governmental interest." *Id.* at 18 (citing 42 U.S.C. § 2000bb-1(b)); *see also* 42 U.S.C. § 2000bb(a)(2). However, I sincerely doubt that the defendant would disagree with the proposition that courts further a compelling governmental interest by enforcing laws that are constitutional. Yet, even though the defendant does not question

the constitutionality of the copyright and trademark laws, she contends that in the instant case they should not be enforced. She bases her position on the contention that enforcement would not further a *compelling* governmental interest or "[e]ven the *usual* governmental interests." *Id.* (emphasis added).

If there is any doubt as to the constitutionality of the copyright or trademark laws, either as written or as applied, the government should be notified and put to the task of proving that the laws and their enforcement do, in fact, further a compelling governmental interest in the least restrictive manner.[1] The defendant, however, suggests that it is the Urantia Foundation that has the burden of establishing that the protection of *The Urantia Book* and the mark of three concentric circles under the copyright and trademark laws serves a compelling governmental interest. *Id.* at 19. I disagree. It is the government as creator of laws that must act as their defender if their validity is questioned. In the absence of any argument that the copyright and trademark laws are unconstitutional, I find that the RFRA is inapplicable to the instant case.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for partial summary judgment on the Religious Freedom Restoration Act of 1993 defense, filing 185, is granted.

---

1. 28 U.S.C. § 2403(a) (1988) requires the court to give notice to the Attorney General and allow intervention whenever "the constitutionality of an Act of Congress affecting the public interest is drawn in question." *Id.*